151 F.3d 1034
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jeffrey T. SMITH, Defendant-Appellant.
 No. 97-1713.
 United States Court of Appeals, Seventh Circuit.
 Argued Sep. 17, 1997.
June 8, 1998.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin. No. 96 CR 138. Rudolph T. Randa, Judge.
 Before Hon. JOHN L. COFFEY, Hon. FRANK H. EASTERBROOK, Hon. KENNETH F. RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 On June 25, 1996, the defendant-appellant, Jeffrey T. Smith ("Smith"), was charged with a grand jury indictment for possessing, with intent to distribute, a controlled substance, in violation of 21 U.S.C. § 841(a)(1). Smith filed a motion to suppress the one and one-half kilograms of cocaine that he alleges was improperly seized from the automobile he was operating when arrested. The district judge denied the defendant's motion to suppress, and the defendant entered a plea of guilty. Smith appeals the district court's ruling on the suppression motion. Because the defendant waived his right to an appeal by entering an unconditional guilty plea, the appeal is dismissed.
 
 I. BACKGROUND
 
 2
 On the afternoon of June 17, 1996, a confidential informant notified Detectives Mitchell and St. Onge of the Milwaukee Police Department that a man known as "Drac" would be transporting cocaine that evening in a purple Honda automobile. The informant also provided the license plate number of the Honda, and warned the detectives that Drac had been known to carry weapons frequently in the past. The informant, considered a reliable source of information by police officers, had, in the six months prior to this incident, furnished numerous corroborated tips that in turn led to the issuance of several warrants. Using the description of the vehicle and the license plate number, the detectives ascertained the name and address of the vehicle's owner, Smith. After running a record check, the detectives learned that Smith previously had been arrested for several crimes, including carrying a concealed weapon and possessing, with intent to distribute, a controlled substance. The detectives relayed the information to Detectives Wellens and Mathy, also of the Milwaukee Police Department. On the basis of the informant's tip, Wellens and Mathy set up a surveillance watch on Smith's purple Honda.
 
 
 3
 That evening, while at Smith's residence, Wellens and Mathy observed Smith exit his home, climb into the Honda, and drive away. Wellens and Mathy followed Smith in an unmarked vehicle, but lost track of him while in pursuit. The detectives relocated Smith a short time thereafter, when they observed Smith's vehicle traveling at an estimated rate of 35 or 40 miles per hour in a 30 mile per hour speed zone. Because Smith was exceeding the posted speed limit, Wellens radioed a nearby Milwaukee Police Department cruiser, requested assistance, and asked that Smith be stopped.
 
 
 4
 The officers in the cruiser, who were in the vicinity as part of the surveillance unit, stopped the Honda to issue Smith a traffic citation for speeding. The officers had been advised of the informant's tip earlier in the evening, and were aware that Smith would be carrying cocaine, armed, and dangerous. Based on the informant's tip, and in concern for their own safety, the officers conducted a protective search of the vehicle so as to ascertain whether the defendant was armed, and whether there were weapons within his reach. During this search, the officers recovered a large, reddish shoe box from the floor of the front passenger side of Smith's car, which contained one and a half kilograms of cocaine.[1] The officers arrested the defendant for knowingly and intentionally possessing, with intent to distribute, cocaine,[2] and transported him to the Police Administration Building. After being advised of his Miranda rights, Smith admitted that he knew the box contained cocaine.
 
 
 5
 On June 25, 1996, a federal grand jury returned a one-count indictment charging Smith with knowingly and intentionally possessing, with intent to distribute, a controlled substance, in violation of 21 U.S.C. § 841(a)(1). Smith was arraigned and entered a plea of not guilty. On July 9, 1996, Smith filed a motion to suppress the seized cocaine. After conducting an evidentiary hearing and reviewing the parties' briefs, Magistrate Judge Callahan recommended a denial of the defendant's motion to suppress. The presiding judge adopted the recommendation and issued an order denying the motion. In response, on November 20, 1996, Smith pled guilty to knowingly possessing, with intent to distribute, a controlled substance, in violation of 21 U.S.C. § 841(a)(1), and the court, after taking testimony, convicted the defendant on February 10, 1997. Twelve days later, on February 22, Smith contacted his attorney and informed him that he wished to appeal. Smith's attorney filed a notice of appeal on February 24, but since the notice was filed more than 10 days after the judgment was entered, it was untimely, and the trial court ordered Smith to submit a memorandum explaining why the motion should not be denied for lack of jurisdiction. At this time, Smith moved to extend the time for filing an appeal. The court initially denied the motion, but after Smith filed a motion for reconsideration, detailing the defendant's very recent transfers between three correctional facilities, Judge Randa granted the defendant's motion to extend the time for filing his appeal. Smith filed an appeal.
 
 II. ISSUE
 
 6
 On appeal, the defendant contends that the district court erred in denying his motion to suppress the seized cocaine. The Government argues that this appeal should be dismissed because in entering a guilty plea, the defendant waived his right to challenge the district court's denial of his motion to suppress evidence. In addition, the Government contends that this Court lacks jurisdiction over the case because the defendant failed to demonstrate "excusable neglect" for his failure to file a timely notice of appeal. However, because we dismiss this appeal on the grounds that the defendant waived his right to appeal by entering an unconditional guilty plea, we need not consider the Government's jurisdictional contention.
 
 III. DISCUSSION
 
 7
 A. The Defendant's Unconditional Guilty Plea
 
 
 8
 The defendant contends that the district court erred in concluding that the police had, under a totality of the circumstances, authority to search the defendant's car. The Government maintains, however, that the defendant's appeal should be dismissed because in entering an unconditional guilty plea, the defendant waived his right to challenge the district court's denial of his motion to suppress evidence. We agree.
 
 
 9
 A criminal defendant has the option of entering either a conditional or unconditional plea of guilty. A conditional plea is based on the stipulation that a defendant reserves the right to appeal "the adverse determination of any specified pretrial motion," including a motion to suppress evidence. Fed.R.Crim.P. 11(a)(2). By entering an unconditional guilty plea, a defendant waives his right to later appeal non-jurisdictional defects (motion to suppress) in the proceedings underlying the defendant's conviction, including any Fourth Amendment claims. See United States v. Markling, 7 F.3d 1309, 1312 (7th Cir.1993). "Claims that the prosecution obtained evidence unlawfully, or that the defendant was illegally detained, or that he was denied a speedy trial will not survive a guilty plea ...." 1 Charles Alan Wright, Federal Practice and Procedure § 175 at 625-27 (1982) (footnotes omitted) (emphasis added).
 
 
 10
 In the case under consideration, Smith concedes that he entered an unconditional guilty plea. In fact, Smith admitted that at the time he entered his guilty plea, he did not plan to appeal his conviction; Smith changed his mind later. As the Government notes, Smith's belated change of mind regarding his guilty plea does not revive the rights he had already relinquished.
 
 B. The Defendant's Plain Error Challenge
 
 11
 Smith also contends that even in the face of the waiver of his right to challenge the district court's denial of his motion to suppress evidence, this Court may review his appeal under the "plain error doctrine" of Rule 52(b) of the Federal Rules of Criminal Procedure. Since the defendant has waived his right to appeal, however, there can be no review under Rule 52(b) because there has been no "error." Were we to consider the possibility of plain error, we would be exercising our appellate jurisdiction. Accordingly, Mr. Smith's appeal is DISMISSED.
 
 
 
 [1]
 The officers found no weapons
 
 
 [2]
 The officers decided not to issue Smith a citation. Rather, the officers arrested him on the basis of his possession of cocaine